## Case No. 8,638.

### The LYNCHBURG.

[Blatchf. Pr. Cas. 57.] [1]

District Court, S. D. New York. Aug., 1861.

BAIL.—INSUFFICIENCY—SALE OF GOODS DELIVERED ON BAIL—ADDITIONAL SECURITY — DIFFERENCE BETWEEN ACTUAL VALUE AND ORIGINAL BAIL—PROPERTY SEIZED AS PRIZE — SALE — GOODS IN HANDS OF BONA FIDE PURCHASER.

1. The cargo having been delivered to the claimants on bail before hearing, it afterwards appeared that it had been appraised at less than its real value, and that the security was in too small an amount. A motion was made that the cargo be restored to the custody of the court, but it appearing that it was no longer in the possession of the claimants or the bail, but had passed to bona fide purchasers, the court awarded monitions against the claimants to pay into court the difference in amount between the proceeds or value of the cargo delivered to them and the amount of the bail.

2. Property seized as prize may be pursued in rem into the hands of all persons who become possessed of it, or by monition against such persons, if its proceeds have been brought into court.

3. It matters not whether the prize goods remain in kind or have been disposed of bona fide by sale. The holder of the thing or of its proceeds may be compelled, by monition, to deliver the same into court, to be there disposed of according to the rights of the captors.

4. And this may be done as against persons having the proceeds of prize property in their hands, when an insufficient stipulation has been taken, on a delivery on bail.

In admiralty.

BETTS, District Judge. After the capture of the above schooner and cargo, a motion was made, by consent of the proctors of the several parties, that Joseph Ruch be appointed sole appraiser to appraise the value of the said schooner and cargo, and such order was granted by the court on the 17th of June last. On the 20th of June the appraiser reported that he had appraised the vessel as worth $5,000, and the cargo as worth $24,593 85. On the back of the appraiser's report was indorsed a consent, signed by the assistant United States attorney, that the cargo be divided and valued as follows: The 1,008 bags, claimed by Wortham & Co., at $8,197 95, and the remaining 2,045 bags, claimed by Brown Brothers & Co., at $16,395 90. Under the consent an admission was written by the assistant district attorney, of due service of notice of justification of the sureties for giving bond, on the delivery of the cargo above mentioned. Both indorsements were, apparently, signed July 1, 1861, and were, with the report, filed July 10, 1861.

On the hearing of the cause in court, July 16 and 17, an order was made, by consent of the proctors for the libellants, and upon the motion of the proctor for the claimants, Brown Brothers & Co., that 1,541 bags of coffee embraced within their claim be restored to the said claimants. On the same proceedings, the proctors for the libellants, on notice to the proctors for the claimants, C. T. Wortham & Co., that the appraiser, in making the before-mentioned appraisements, had, by mistake of computation, undervalued and reported the said coffee as a sum much less than its actual worth, to wit, that the coffee appraised by him at $24,593 85 should have been valued and reported worth $56,212, as shown by his amended report, signed by the said appraiser July 9, 1861, applied for an order that the cargo delivered to the claimants, on such appraisement should be restored to the custody of the court, or for other relief. Affidavits produced on the part of the claimants, C. T. Wortham & Co., against the motions made by the libellants, were read and filed, and arguments were addressed to the court by both parties, on the facts and the law claimed and set up on each side. As it was understood by the court, from the statements of the depositions, and the allegations of counsel, on the first discussion of the motion, that the property was no longer in actual possession of the claimants, or the sureties upon the bonds and bail given, the court directed the hearing to proceed upon the merits of the cause, without regard to the aforesaid collateral application. After the disposition of the cause upon the general issue, an order was granted, August 30th, in relation to the aforesaid collateral motion, that the first report made by the appraiser be vacated and set aside, unless rectified by consent of the respective parties, and that no delivery of said appraised cargo be made to any of said claimants thereunder until such appraisement be corrected and filed anew, with the condition appended to such order that if the cargo so appraised, or any part of it, shall have been bonded and delivered under such bail bonds by the United States marshal to the claimants, or any of them, and yet remains in their possession or under their control, the same be forthwith replaced in custody of the marshal, subject to the further order of the court. A copy of that order was served on the proctors of C.

T. Wortham & Co., by the libellants. with notice of the motion now under consideration, for carrying the order into effect. The motion was brought to hearing between those parties on the 3d of October instant. No appearance was made on the part of Brown Brothers & Co., on this application, nor is there any evidence given that they received notice thereof except an affidavit made by their proctor of August 30, 1861, to the effect "that the first appraisement by Ruch, the appraiser, had been fair and just, and that Brown Brothers & Co., immediately on its completion, and before anything was heard by them of the alleged error, on receiving the amount for which they held this part of the cargo from Messrs. Wright, Maxwell & Co., absolutely gave up, parted with, and delivered the same, in perfect good faith, and in reliance that their title to it had become perfect by such bonding and the delivery of it to them, and have not since had the same or any control thereover whatever," which affidavit was offered to the court, on the part of the libellants, as presumptive evidence that the supposed ownership and title of Brown Brothers & Co., had been assigned or transferred to the other claimants, C. T. Wortham & Co., or their agent, who represented their interests in this suit.

The facts in proof on the part of the claimants show that neither they nor their sureties, nor the marshal, are in possession of the coffee so captured and discharged on bail, and that, accordingly, it no longer remains in custody of the court, or subject to its disposal by summary order. On the contrary, the surrender of it upon appraisal, and at the sum appraised, was made with the full assent of the United States attorney, and so long after the appraisal had been made, and its terms known to the libellants, that there is no equity on their part to demand its surrender by, or dispossession from, purchasers thereof in good faith. The only remedy the libellants can make title to at this time, in respect to the cargo, is to hold the claimants personally responsible for the value or products of the same, at the time the same was released on stipulations or bail. The sureties to these stipulations or bonds can be made liable to the libellants for no more than the amounts for which they stipulated or became obligated, nor will the amount of that liability be determined on summary motion, but is more appropriately ascertained by the court in due course of procedure, by appropriate action or suit. Property seized as prize may be pursued into the hands of all persons who become possessed of it, in rem, or if its proceeds are brought into court, by monition. It matters not whether the prize goods remain in kind, or have been disposed of bona fide, at private sale or by auction. The holder of the thing, or of its proceeds, may be compelled, by monition, to deliver the same into court. to be there disposed of according to the rights of the captors.

The Pomona, 1 Dod. 25; The Herkimer, Stew. Vice Adm. 128; The Alligator [Case No. 248]; 1 Wheat. Append. 3, 4. And the court may proceed in these cases upon its own authority, ex officio, as well as upon the application of parties. and enforce its decrees against persons having the proceeds of prize in their hands, when insufficient stipulation has been taken on a delivery on bail. 1 Wheat. Append. 4. Citations, monitions, and warrants are the processes by which the jurisdiction of courts proceeding according to the course of the civil law is exercised, and they are to be employed in courts of the United States under the process act of congress of September 29, 1789, § 2 [1 Stat. 93]. Manro v. Almeida, 10 Wheat. [23 U. S.] 473.

Brown Brothers & Co., although not called upon specifically by notice in this motion, or otherwise, therefore come within the scope of the powers which the facts disclose by the affidavits require the court to exercise, as these claimants are alleged to have had delivered to them the aforesaid 504 bags of coffee, at a valuation, in the appraisement, below the actual worth of the articles.

The libellants are accordingly entitled to sue out monitions against the claimants, C. T. Wortham & Co., or their agent, and against Brown Brothers & Co., to pay into court the difference in amount between the proceeds or value of the bags of coffee delivered to them respectively and the sum of the stipulations or bonds given by them respectively on such delivery of the coffee to them respectively. on bail. Orders can be taken in court accordingly.

